**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JUSTIN W. STAPLETON,**

Plaintiff,

**v.** **Case No. 24-CV-1562**

**DEAN STEBANE,**

Defendant.

---

# ORDER

---

On June 23, 2026, *pro se* plaintiff Justin W. Stapleton filed a motion to compel. (ECF No. 42.) On July 8, 2026, Stapleton filed a motion for leave to file an amended complaint. (ECF No. 44.) On July 23, 2026, Stapleton filed a second motion to compel. (ECF No. 46.) On August 21, 2026, Stapleton filed a motion to withdraw his motion for leave to file an amended complaint. (ECF No. 51.) On September 17, 2026, Stapleton filed a motion for physical and mental examination. (ECF No. 54.) This order resolves these motions.

## MOTIONS RELATED TO AMENDING THE COMPLAINT (ECF NOS. 44, 51)

The motion to withdraw the motion for leave to file an amended complaint is granted. The motion for leave to file an amended complaint is withdrawn.

## MOTIONS TO COMPEL (ECF NOS. 42, 46)

Regarding the motions to compel, in the first motion to compel Stapleton seeks bodycam footage, hallway surveillance footage, and the colored photographs of his injuries taken on February 16, 2024. (ECF No. 42.) The court cannot compel the defendants to provide evidence that does not exist. That said, if the defendants have yet to provide existing body cam and hallway video footage, they must do so within 30 days of the date of this order. If that footage no longer exists because it was destroyed in the ordinary course of business, the defendants must notify Stapleton of that fact within 30 days of the date of this order.

As for the colored photographs, Stapleton says that the defendants provided colored pictures to the litigation coordinator at Green Bay Correctional Institution with the instruction to only allow Stapelton to receive paper copies in black and white. (ECF No. 42, ¶¶ 6-8.) The defendants must work with Stapleton and the litigation coordinator to arrange a time in the next 30 days for Stapleton to view the colored photographs. However, the defendants are not obligated to provide colored copies to Stapleton.

Turning to the second motion to compel, Stapleton requests the court order that someone be allowed to enter the prison to take photographs of his scars. (ECF No. 46.) Stapleton notes that the court ordered prison staff to take photographs of his scars in Case No. 24-cv-1041, also before this court. (ECF No. 52 at 3-4.) The defendants argue the court should deny the motion because they should not be

compelled to create new documents in discovery and because the photographs would have limited probative value.

The court has no authority to order a prison to allow someone in to take photographs. Also, photos taken of scars several months after the injury will do little to defeat a summary judgment motion. The court notes that in Case No. 24-cv-1041, the defendants agreed at a hearing to allow a staff member to take photos. (Case No. 24-cv-1041, ECF No. 106.) However, Stapleton was dissatisfied with those photos and filed a motion demanding the staff member retake them. (Case No. 24-cv-1041, ECF No. 138.) The court denied that motion, noting that "for the purposes of summary judgment, [the photos] are not required. The court, at summary judgment, must consider the facts in a light most favorable to Stapleton, and he is able to assert via a declaration that the injuries he suffered from were not superficial." (*Id.* at 3.) The same is true here. Stapleton can achieve the same purpose by submitting an affidavit describing the injuries. Stapleton's second motion to compel is denied.

**MOTION FOR PHYSICAL AND MENTAL EXAMINATION (ECF NO. 54)**

Stapleton requests the court appoint him a doctor who can conduct a mental and physical examination of him as well as review and offer an opinion on the medical records. The Federal Rules of Civil Procedure allow courts to appoint an expert to help sort through conflicting evidence. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997). However, courts need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson. *See ATA Airlines, Inc. v. Federal Express Corp.*, 665 F.3d 882, 889 (7th Cir. 2011); *Gil v. Reed*, 381 F.3d 649,

659 (7th Cir. 2004). For the purposes of summary judgment, the court is capable of evaluating the defendants' medical evidence and Stapleton's version of the events to determine whether there is a material question of fact. As such, Stapleton's motion is denied.

**IT IS HEREBY THEREFORE ORDERED** that Stapleton's motion to withdraw his motion for leave to file an amended complaint (ECF No. 51) is **GRANTED**. The motion for leave to file an amended complaint (ECF No. 44) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Stapleton's first motion to compel (ECF No. 42) is **GRANTED** to the extent and pursuant to the limitations described in this order.

**IT IS FURTHER ORDERED** that Stapelton's second motion to compel (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Stapleton's motion for physical and mental examination (ECF No. 54) is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of October, 2026.

BY THE COURT:

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge